**E-FILED**
Friday, 14 November, 2014 04:19:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAFAEL KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-3295 |
| | ) | |
| STATE TACTIC UNIT, *Orange Crush*, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se and incarcerated in the Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims.

The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the Complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). The court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that on April 10, 2014, the Western Illinois Orange Crush Tact Team forcibly extracted him from his cell and beat, kicked, punched and spat on him; pulled down his boxers and threatened him with sexual violence and repeatedly called him a "Nigger." The plaintiff states he "did nothing" to precipitate the arrival of the Orange Crush but that it was a statewide shakedown. The plaintiff was taken to the medical unit and given ice packs for his eyes and wrists but was allegedly denied pain medication on this and a subsequent occasion.

The plaintiff identifies Officers Icenogle, Beswick, Derhake and two John Doe Officers as taking part in the abuse   He also claims that an unidentified officer "in the bubble" witnessed the abuse but did not intervene.  This individual will be added as John Doe #3.  The plaintiff claims deliberate indifference to his serious medical needs by nurses Mills and Moore.

The Orange Crush Tact Team is not a legal entity subject to suit and it will be dismissed.   See *Powell v. Cook County Jail*, 814 F.Supp. 757 (N.D. Ill. March 2, 1993).

The plaintiff alleges only *respondeat superior* claims as to Godinez, Laws and Goins, and they are dismissed.  (The doctrine of respondeat superior [supervisor liability] does not apply to actions filed under 42 U.S.C. § 1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)).   Plaintiff also alleges that some of his property was not returned to him.  This claim will not go forward as the plaintiff has an adequate state law remedy available to him.  (The intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available.)  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999), cert. denied, 529 U.S. 1134 (2000).  The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims.  See *Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993).

The Court concludes that the plaintiff has stated constitutional claims of excessive force, failure to intervene and deliberate indifference to his serious medical needs as outlined below, and the case will be sent for service.

**IT IS THEREFORE ORDERED:**

1.    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states claims of excessive force and failure to intervene against Officers Icenogle, Beswick, Derhake, John Does #1 and #2 and #3; and a claim of deliberate indifference to a serious medical need against defendants Mills and Moore.  Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.    The administration at the Western Illinois Correctional Center IS instructed to preserve the video(s) of the incident involving plaintiff on April 10, 2014.

3.    This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as

premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court

of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

	10.	If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

	11.	The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

	12.	The clerk is directed to add John Doe #3 as a defendant and terminate the Orange Crush State Tactic Unit as a defendant.

	13.	The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

	Entered this 14th day of November 2014.

				/s/Harold A. Baker
				_____
				HAROLD A. BAKER
				UNITED STATES DISTRICT JUDGE